## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Florencio Vazquez, | : | |
| Plaintiff, | : | No. 14-cv-05891 |
| | : | |
| v. | : | |
| | : | Honorable Edward G. Smith, J. |
| City of Allentown, *et al.*, | : | |
| Defendants. | : | |

### <u>Order</u>

**AND NOW**, this           day of August., 2015, upon consideration of Defendants' Motion for Sanctions in the Form of Dismissal, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. All of Plaintiff's claims arising out of his July 26, 2014, arrest are hereby **DISMISSED** with prejudice.

BY THE COURT:

_____
Hon. Edward G. Smith, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Florencio Vazquez, | : | |
| Plaintiff, | : | No. 14-cv-05891 |
| | : | |
| v. | : | |
| | : | Honorable Edward G. Smith, J. |
| City of Allentown, *et al.*, | : | |
| Defendants. | : | |

### Defendants' Motion for Sanctions in the Form of Dismissal

*AND NOW* come Defendants, City of Allentown, Andrew Holveck, Maurice Flowers-Williams, and Matthew Diehl (hereinafter "Defendants"), by and through their undersigned counsel, and move this Honorable Court to enter sanctions against Plaintiff in the form of dismissal of all claims, with prejudice, and in support thereof aver as follows:

1.      On October 16, 2014, Plaintiff filed a Complaint against Defendants City of Allentown and Andrew Holveck alleging claims of Excessive Force and municipal liability (*Monell* claim).

2.      On January 23, 2015, Plaintiff filed an Amended Complaint naming all Defendants as parties.

3.      Plaintiff's claims arise out of July 26, 2014, arrest.

4.      Trial in this matter is scheduled to commence on August 4, 2015.

5.      In preparation for trial, on July 14, 2015, counsel for Defendants wrote to Plaintiff['s counsel, requesting that he stipulate to the authenticity of Plaintiff's medical records.

6.      Plaintiff's counsel responded, "Kindly send me copies of the documents you want me to stipulaTE TO [*sic*]."

7.     Defendants' counsel immediate provided Plaintiff's counsel with copies of the medical records to which the stipulation would apply.  All of these records previously had been produced during discovery.

8.     When Plaintiff's counsel failed to respond, a follow-up email was sent on July 17, 2015.  Plaintiff's counsel ignored that email.

9.      A second follow-up email was sent on July 21, 2015.  Plaintiff's counsel ignored that email.

10.    On July 29, 2015, a Final Pretrial Conference was held with the Court.

11.    At that Conference, Plaintiff's counsel again refused to stipulate to the admissibility of Plaintiff's medical records.

12.    In light of Plaintiff's counsel's failure to cooperate, the Court ordered Plaintiff to appear for a second deposition on the issue of his medical records.

13.    That deposition was duly noticed at a mutually-agreed upon time and location.

14.    On July 31, 2015, Plaintiff appeared at his deposition an hour late.

15.    After answering the preliminary question of whether or not he was under the influence of any drugs, Plaintiff requested a restroom break.

16.    Instead of using the restroom, Plaintiff got into an elevator, left the building, and did not return.

17.    In light of Plaintiff's willful and deliberate refusal to sit for a deposition that was ordered by the Court, Defendants are unable to properly prepare for trial and present their case.

18.    Pursuant to *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Defendants now move for dismissal of Plaintiff's claims in their entirety, with prejudice.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant their motion and dismiss all claims relating to Plaintiff's July 26, 2014, arrest with prejudice.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By: _____
John P. Morgenstern, Esquire
Pa. Attorney Identification No. 80014
Rufus A. Jennings, Esquire
Pa. Attorney identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax:    (215) 587-9456
Email: jpmorgenstern@dmvlawfirm.com
        rjennings@dmvlawfirm.com

Attorneys for Defendants

Date: **8/1/15**

### Certificate of Service

I, Rufus A. Jennings, hereby certify that on the date set forth below, I did cause a true and correct copy of Defendants' Motion for Sanctions in the Form of Dismissal and Memorandum of Law in Support thereof to be filed with the Court's ECF/PACER electronic filing system, where it was available for immediate viewing and download to:

Richard J. Orloski, Esquire
**THE ORLOSKI LAW FIRM**
111 North Cedar Crest Boulevard
Allentown, PA 18104

Rufus A. Jennings, Esquire

Date: 8/1/15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Florencio Vazquez, | : | |
| | : | No. 14-cv-05891 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Honorable Edward G. Smith, J. |
| City of Allentown, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### Memorandum of Law in Support of Defendants'
### Motion for Sanctions in the Form of Dismissal

*AND NOW* come Defendants, City of Allentown, Andrew Holveck, Maurice Flowers-Williams, and Matthew Diehl (hereinafter "Defendants"), by and through their undersigned counsel, submit this Memorandum of Law in Support of Defendants' Motion for Sanctions in the Form of Dismissal.

## I.   Introduction and Factual Background

On October 16, 2014, Plaintiff filed a Complaint against Defendants City of Allentown and Andrew Holveck alleging claims of Excessive Force and municipal liability (*Monell* claim). On January 23, 2015, Plaintiff filed an Amended Complaint naming all Defendants as parties. Plaintiff's claims arise out of July 26, 2014, arrest, for which he pled guilty to the misdemeanor charge of Disorderly Conduct. Despite Plaintiff's testimony that he had not used PCP on the day of his arrest, his medical records indicate a positive test for PCP, as well as an admission by Plaintiff that he used the drug. Other medical records, received after Plaintiff's deposition, include other admissions by Plaintiff that he was high on PCP at the time of his arrest, as well as evidence of a habit of carrying a knife for protection. Trial in this matter is scheduled to commence on August 3, 2015.

In preparation for trial, on July 14, 2015, counsel for Defendants wrote to Plaintiff['s counsel, requesting that he stipulate to the authenticity of Plaintiff's medical records. (July 14., 2015, letter, attached hereto as Exhibit "A"). That letter reminded Plaintiff that subpoenas for these medical care providers' trial testimony already had been served, and that the stipulation was intended to save the Parties' money. Despite having already been provided copies of all of the records, Plaintiff's counsel responded with an email stating, "Kindly send me copies of the documents you want me to stipulaTE TO [sic]." (July 14, 2015, Email, attached hereto as Exhibit "B"). Defendants' counsel immediately forwarded Plaintiff's counsel additional copies of all records. (July 14, 2014, Email, attached hereto as Exhibit "C").

When Plaintiff's counsel ignored the July 14, 2015, email, counsel for Defendants sent a follow-up on July 17, 2015, stating "Will you please provide a response to my request." (Exhibit "C"). Plaintiff's counsel again ignored this email. A second follow-up email was sent on July 21, 2015, stating:

> I have provided you with copies of all of the records. Please provide me with the courtesy of a response to my inquiry. As you know, these subpoenas already have been served, and custodians of records are lined up to testify at trial. Stipulating to the authenticity of these records will only save time at trial and save your client money on our Bill of Costs.

(Exhibit "C"). Plaintiff's counsel again ignored this email and did not provide any response.

A Final Pretrial Conference with the Court was held on July 29, 2015. At that Conference, Plaintiff's counsel announced that Plaintiff would not be testifying at trial and again refused to stipulate to Plaintiff's medical records. As such, the Court ordered Plaintiff to appear for a second deposition so that Defendants' counsel could questions him on the issue of his medical records. By agreement of the counsel, that deposition was scheduled to take place at 1:00 p.m. on July 31, 2015, at Allentown City Hall. A Notice for that deposition was duly served on Plaintiff's counsel. (Notice of Deposition, attached hereto as Exhibit "D").

On July 31, 2015, Plaintiff arrived for the deposition an hour late. After preliminary instructions, Plaintiff was asked whether he was under the influence of any drugs. After denying that he was intoxicated, Plaintiff asked to use the restroom. However, instead of using the restroom, Plaintiff got into the elevator and left the building. Plaintiff did not return.

In light of Plaintiff's refusal to appear for his Court-ordered deposition, Defendants now move for dismissal of Plaintiff's claims pursuant to *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).

## II.   <u>Legal Argument</u>

Pursuant to FED. R. CIV. P. 37(b)(2)(A):

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In this case, there is no dispute that Plaintiff was ordered to appear for the deposition, and that he refused to submit to questioning. As such, the only issue is the nature of sanctions that should be imposed.

In *Poulis*, the Third Circuit set forth the factors that the Court should consider when ruling on a Motion for Sanctions. These factors include:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, at 868 (*emphasis in original*).   In this case, these factors clearly favor dismissal of Plaintiff's claims with prejudice.

Initially, the refusal to participate in the deposition was clearly Plaintiff's personal responsibility.  He arrived at the agreed-upon location an hour late, stated he needed to use the restroom, and then left the building.  No one else was responsible for this conduct.  This refusal to participate in the deposition has caused defendants significant prejudice.  In addition to being deprived of the opportunity to question Plaintiff about medical records that greatly support Defendants' position, Plaintiff's shenanigans also resulted in trial counsel wasting time preparing for the deposition, and then losing an entire day driving to Allentown, waiting for Plaintiff to arrive, waiting for Plaintiff to reappear, and then driving home.  Considering that trial is scheduled to commence in only three (3) days, this inconvenience and waste of time cost invaluable time in trial preparation.  Third, there cannot be any doubt that Plaintiff' conduct was willful.  Plaintiff lied and stated that he needed to use the restroom.  He then got directly into an elevator and left without notifying anyone.

Finally, in light of the timing of Plaintiff's actions, no sanction other than dismissal would be appropriate.  The parties are scheduled to select a jury in less than forty-eight (48) hours.  Plaintiff has caused Defendants' counsel to waste and entire day that should have been spent preparing for trial, as well as additional time preparing this motion.  At this point, the only appropriate sanction is dismissal of Plaintiff's claims with prejudice.

Finally, it is apparent that there is no merit to Plaintiff's claims at all.  Plaintiff's arrest was recorded on video, a copy of which has been provided to the Court.  Plaintiff's medical records confirm that, at the time of his arrest, Plaintiff was high on PCP.  Plaintiff has testified that he has no recollection of the arrest.  Plaintiff has not identified any document as a trial exhibit that would entitle Plaintiff to the recovery of any damages, and Plaintiff's counsel has announced that Plaintiff will not be testifying at trial.  As such, there is no way that Plaintiff would be able to establish a claim for relief, even if this matter were to proceed to trial.  As such, dismissal of these claims is appropriate.

## III.  <u>Conclusion</u>

In light of the foregoing, it is clear that Plaintiff has willfully and deliberately violated an Order of this Court to appear for his deposition.  Considering the factors set forth in *Poulis* leads to the inevitable conclusion that the only appropriate sanctions for this conduct is the dismissal of Plaintiff's claims in their entirety.

Respectfully submitted,

DEASEY, MAHONEY & VALENTINI, LTD.

By:

John P. Morgenstern, Esquire
Pa. Attorney Identification No. 80014
Rufus A. Jennings, Esquire
Pa. Attorney identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax:    (215) 587-9456
Email: jpmorgenstern@dmvlawfirm.com
       rjennings@dmvlawfirm.com

Attorneys for Defendants

Date: 8/1/15

# Exhibit

# "A"



FRANCIS J. DEASEY
HARRY G. MAHONEY
GERALD J. VALENTINI‡
HENRI MARCEL*
CARLA P. MARESCA‡
JOHN P. MORGENSTERN‡
ANDREW B. ADAIR
KEVIN M. DURKAN*
GEORGE F. SADA, JR.◊

WARD A. RIVERS‡
CHRISTOPHER C. NEGRETE
THOMAS C. GALLAGHER*
MATTHEW J. JUNK‡
ATHENA O. PAPPAS‡
RUFUS A. JENNINGS◊
PETER R. KULP‡
CHRISTINE D. STEERE‡
MEGHAN F. HENRY‡
RYAN F. MICHALESKI‡
RACHEL M. MANDELL*
MICHAEL G. DEGRANDE‡
WILLIAM M. BRENNAN‡

OF COUNSEL

FRANK C. BENDER
MICHAEL P. RAUSCH‡
WILLIAM A. RUBERT‡

### SUITE 3400
### 1601 MARKET STREET
### PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456
WWW.DMVLAWFIRM.COM

DIRECT EMAIL: JPMORGENSTERN@DMVLAWFIRM.COM
VOICE-MAIL EXTENSION #1150

DIRECT EMAIL: RJENNINGS@DMVLAWFIRM.COM
VOICE-MAIL EXTENSION #1178

NEW JERSEY OFFICE
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6333
FACSIMILE  856-429-6562

MEDIA OFFICE
SUITE 101
101 CHESLEY DRIVE
MEDIA, PA 19063
610-892-2732
FACSIMILE  610-892-2926

LANSDALE OFFICE
SUITE 200
1800 PENNBROOK PARKWAY
LANSDALE, PA 19446

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
◊ ALSO MEMBER NY BAR
* BOARD CERTIFIED TRIAL ADVOCATE
BOARD CERTIFIED CIVIL PRETRIAL PRACTICE

July 14, 2015

*Via email and first-class mail*

Richard J. Orloski, Esquire
**THE ORLOSKI LAW FIRM**
111 North Cedar Crest Boulevard
Allentown, PA  18104-4602

> Re:   ***Vazquez v. City of Allentown***
>         **E.D. Pa. Case No. 14-cv-05891**
>         **Our File Number  701.25522**

Dear Mr. Orloski:

As you know, we have served subpoenas on a number of organizations in order to arrange for trial testimony as to the authenticity of various medical records of Plaintiff.  In order to save time at trial, as well as to minimize costs, we ask that you stipulate to the authenticity of the records received from the following entities:

- UPMC Health Plan;
- The Horsham Clinic;
- Brook Glen;
- Livengrin Foundation;
- Lehigh Valley Hospital;
- St. Luke's University Health Network;
- Pyramid;
- Stepping Stone;
- Whosoever Gospel Mission;
- Kirkbride Center; and
- Sacred Heart Hospital.

Richard J. Orloski, Esquire
THE ORLOSKI LAW FIRM
*Vazquez v. City of Allentown*
E.D. Pa. Case No. 14-cv-05891
July 14, 2015
Page Two

      If you do not agree to stipulate to the authenticity of these records, we will seek to have your client reimburse Defendants for all costs incurred in the subpoenas and subsequent testimony.

      Please advise whether you will agree to stipulate to these records at your earliest convenience.

Cordially,

DEASEY, MAHONEY & VALENTINI, LTD.

By: _____

John P. Morgenstern, Esquire
Rufus A. Jennings, Esquire

/st

# Exhibit
## "B"

## Rufus Jennings

| | |
|---|---|
| **From:** | Susan Heppler |
| **Sent:** | Tuesday, July 14, 2015 12:18 PM |
| **To:** | Rufus Jennings |
| **Subject:** | FW: Vazquez v. City of Allentown, et al. |

FYI

**From:** Rick Orloski [mailto:thedaddyo@gmail.com]
**Sent:** Tuesday, July 14, 2015 12:17 PM
**To:** Susan Heppler; John Morgenstern
**Subject:** Re: Vazquez v. City of Allentown, et al.

Kindly send me copies of the documents you want me to stipulaTE TO.

Rick

On Tue, Jul 14, 2015 at 12:07 PM, Susan Heppler <SHeppler@dmvlawfirm.com> wrote:

Mr. Orloski,


I am attaching correspondence on behalf of John P. Morgenstern, Esquire, and Rufus A. Jennings, Esquire, regarding the above-referenced matter.  Please do not hesitate to contact us should you have any questions.


Sincerely,

Susan Heppler

Assistant to Rufus A. Jennings, Esquire

and Michael G. DeGrande, Esquire

Deasey, Mahoney & Valentini, Ltd.

1601 Market Street, Suite 3400

Philadelphia PA 19103

215-587-9400 (P)

215-587-9456 (F)

1

# Exhibit
## "C"

## Rufus Jennings

| | |
|---|---|
| **From:** | Rufus Jennings |
| **Sent:** | Tuesday, July 21, 2015 9:39 AM |
| **To:** | 'OrloskiLawFirm .' |
| **Cc:** | John Morgenstern |
| **Subject:** | FW: Vazquez - Medical Records |

Counsel,

I have provided you with copies of all of the records.  Please provide me with the courtesy of a response to my inquiry.  As you know, these subpoenas already have been served, and custodians of records are lined up to testify at trial.  Stipulating to the authenticity of these records will only save time at trial and save your client money on our Bill of Costs.

Cordially,

Rufus A. Jennings

**From:** Rufus Jennings
**Sent:** Friday, July 17, 2015 9:13 AM
**To:** 'OrloskiLawFirm .'
**Subject:** FW: Vazquez - Medical Records

Counsel,

Will you please provide a response to my request.

Cordially,

Rufus A. Jennings

**From:** Rufus Jennings
**Sent:** Tuesday, July 14, 2015 12:47 PM
**To:** 'OrloskiLawFirm .'
**Subject:** Vazquez - Medical Records

Counsel,

All of the records referenced in the July 14, 2015, letter are available via the ink below.

Rufus

**From:** Conant Mailroom
**Sent:** Tuesday, July 14, 2015 12:46 PM
**To:** Rufus Jennings
**Subject:** Vazquez - Medical Records

https://dmvnlaw.sharefile.com/d-sf72d30b29c74183b

1

Thank you!


**Natira Yefchak**
Mailroom Manager
Conant Corporation

**Document Imaging | Mailroom Management**
**Trial Tech Services | Copying Services | Business Printing**

(C) 570-401-2339 | cmailroom@dmvlawfirm.com | www.econant.com

# Exhibit
# "D"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Florencio Vazquez, | : | |
| | : | No. 14-cv-05891 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Honorable Edward G. Smith, J. |
| City of Allentown, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### Notice of Video Deposition

To:     **Florencio Vazquez**
c/o Richard J. Orloski, Esquire
THE ORLOSKI LAW FIRM
111 North Cedar Crest Boulevard
Allentown, PA  18104-4602

    ***PLEASE TAKE NOTICE*** that, pursuant to the agreement of counsel on the record at the July 29, 2015, Pretrial Conference, the continued deposition of Florencio Vazquez, will be held on Friday, July 31, 2015, beginning at 1:00 p.m. at Allentown City Hall, 5th Floor, 435 Hamilton Street, Allentown, PA 18101, before a certified court reporter and videographer.  The deposition shall continue from day to day until completed.

DEASEY, MAHONEY & VALENTINI, LTD.

By: _____
John P. Morgenstern, Esquire
Rufus A. Jennings, Esquire
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax:    (215) 587-9456
Email: jpmorgenstern@dmvlawfirm.com
      rjennings@dmvlawfirm.com

Date: 7/30/15

## Certificate of Service

I, Rufus A. Jennings, hereby certify that on the date set forth below, I did cause a true and correct copy of the foregoing Notice of Deposition to be served on the following individual via email:

Richard J. Orloski, Esquire
THE ORLOSKI LAW FIRM
111 North Cedar Crest Boulevard
Allentown, PA 18104

Rufus A. Jennings, Esquire

Date: 7/31/15

- 2 -